# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PETER ARCHER,<br>　　　Plaintiff,<br><br>v.<br><br>DONALD PIXLEY, et al.,<br>　　　Defendants. | CV 23-6251 DSF (JDE)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the First and Second Amended Complaints, the United States Magistrate Judge's screening orders regarding those complaints, the Report and Recommendation of the Magistrate Judge ("Report"), Plaintiff's "Opposition" to the Report, which the Court construes as his objections to the Report ("Objections"), and other relevant records on file. The Court has conducted a <u>de novo</u> review of the portions of the Report to which Objections were directed. Although not required, the Court briefly discusses the following points. <u>See</u> <u>United States v. Ramos</u>, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); <u>Wang v. Masaitis</u>, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

　　Plaintiff delineates five objections, but they essentially amount to an objection to the Report as a whole and its conclusion that the case should be dismissed. (<u>See</u> Dkt. 26 at 19 (requesting the Court to reject the Report "in its entirety"). However, Plaintiff has had ample opportunity to plead his case in this action and a previous action. As

noted by the Report, part of Plaintiff's due process claim against Defendant Correctional Counselor Donald Pixley was raised in his prior action, Archer v. CCI Pixley, et al, No. CV 17-4822 JVS (MAA), and is now barred by res judicata. (Dkt. 23 at 8-9). Although not entirely clear, Plaintiff appears to suggest that the Report's res-judicata determination was incorrect because his claim here is broader and thus not duplicative of the prior action. (See Dkt. 26 at 3-4). To support this he cites the following allegations that he claims were not discussed in the Report: (1) Pixley adopted a policy that allowed other inmates to embezzle from Plaintiff; (2) Pixley conspired to embezzle from Plaintiff; and (3) Pixley discriminated against Plaintiff's disability by intimidating and deceiving him. (Id. at 4-5).

That is not a fair reading of the Report, however. The Report was clear that the res-judicata determination applied to only "a portion" of Plaintiff's claim against Pixley. (Dkt. 23 at 8-9). The Report then went on to discuss the allegations, or very close permutations of those allegations, that Plaintiff contends is missing. (See id. at 16-17 (rejecting claim that Defendants adopted a policy to embezzle from Plaintiff); 17-18 (rejecting claim that Defendants conspired to deprive Plaintiff of his money); 18-21 (rejecting claim that three of the Defendants, including Pixley, discriminated against him when they pressured him). Plaintiff has failed to overcome any of those determinations, or otherwise show that the Report failed to adequately address his claims against Pixley.

The Court overrules the Objections, accepts the Report, and adopts it as its own findings and conclusions.

///

///

///

///

///

2

Accordingly, it is ordered that:

1. Judgment shall be entered DISMISSING this action with prejudice.

2. The Clerk serve this Order and the Report on all counsel or parties of record.

IT IS SO ORDERED.

Date: April 1, 2024

Dale S. Fischer
United States District Judge